UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:10-cr-00364-MCE |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| SAKANDER AMIN and SOHAIL AMIN, | |
| Defendants. | |

Defendants Sakander and Sohail Amin ("Defendants") are each charged with one count of Conspiracy to Distribute Over 5,000 Grams of Cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1).  They have filed a Motion to Change Venue and move the instant case to the Central District of California.  The Court conducted a hearing on the matter on May 5, 2011.  Both at oral argument and in their pleadings, Defendants argue that venue in the Eastern District of California is improper, and that in the interests of justice and for the convenience of the parties, the case should be transferred to the Central District.

///

The United States (the "Government") has several objections to Defendants' request, and argue that venue in the Eastern District is in fact proper, since Defendants' conduct is part of a larger conspiracy that touches and directly affects the Eastern District. For the reasons stated below, Defendants' Motion to Change Venue is denied.

**BACKGROUND**

Defendants are purportedly part of a larger conspiracy to traffic and distribute cocaine and other drugs between the United States and Canada. Brent Boulter, not a party to the instant case, was a courier who arranged a meet with Defendants in Rancho Cucamonga, California (located in the Central District of California). Through a series of text messages, couriers, and meetings, Defendant Sakander allegedly worked with other members of the conspiracy to deliver cocaine to Boulter so he could transport it to Canada. On February 1, 2010, Defendants, Boulter, and another non-party named Sulaimen Safi, were all apprehended in a hotel room, and found with over $100,000 in cash. Defendants were arrested specifically for being in the process of brokering a deal to purchase and deliver six kilograms of cocaine.

///
///
///
///
///
///

1  The Government states they can demonstrate that Mr. Boulter
2 travelled through the Eastern District of California on his way to
3 meet Defendants.  In addition, investigation of the larger
4 conspiracy originated here in the Eastern District of California,
5 large quantities of drugs have been seized in this district, and
6 the conspiracy investigation team - comprised of United States
7 Attorneys and law enforcement- is based here in the Eastern
8 District.

## ANALYSIS

Federal Rule of Criminal Procedure Rule 21(b) states that the Court may transfer a proceeding "for the convenience of the parties, any victim, and the witnesses, and in the interests of justice."  Such a transfer is well within the "sound discretion of the trial court."  United States v. Testa, 548 F.2d 847, 856 (9th Cir. 1977).

A conspiracy is a continuing offense, separate from any completed substantive offense.  United States v. Inafuku, 938 F.2d 972, 973-74 (9th Cir. 1991).  Such a continuing offense may be prosecuted "in any district" where the conspiracy was "begun, continued, or completed."  18 U.S.C. § 3237(a).  Venue is proper for conspiracy purposes wherever "an overt act" was committed "in the course of the conspiracy."  United States v. Angotti, 105 F.3d 539, 545 (9th Cir. 1997) (internal citations omitted).  A defendant himself need not enter or commit an act within the district, "as long as one of his co-conspirators did."  Id.

///

As stated on the record, the Court sees no reason to transfer venue to the Central District of California.  Based upon the facts represented by both parties, the Eastern District is one of perhaps many proper venues, since this is a larger conspiracy with implications reaching across the country and outside the United States.  Further, the Court is already familiar with the facts and issues presented in the case, as the indictment against Defendants was filed in August 2010.  The Court fails to see how a transfer to the Central District of California would be more convenient to Defendants.  While portions of the conspiracy and the ultimate arrest took place in the Central District of California, Defendants do not live there, and do not appear to have any meaningful ties to the area.

**CONCLUSION**

For the reasons stated both on the record and above, Defendants' Motion to Change Venue (ECF No. 42) is DENIED.

IT IS SO ORDERED.

Dated:  May 10, 2011

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE